ANGEL ORTIZ, Plaintiff and Appellant, v. LORENZO DRAGONI, Defendant and Appellee.

Nos. 8349 and 8412. Argued November 18, 1941.—Decided December 2, 1941.

*Fernando Zapater* for appellant. *R. Hernández Matos* for appellee.

.Mᴿ. Cʜɪᴇꜰ Jᴜsᴛɪᴄᴇ Dᴇʟ Tᴏʀᴏ delivered the opinion of the court.

This is an injunction proceeding to recover the possession of a parcel of land measuring 507.20 meters, alleged to be part of a 4.32-*cuerda* tract located in the ward (*barrio*) of Montes Llanos, within the municipal district of Ponce.

The court, on February 28, 1941, rendered judgment for the defendant, with costs but without including attorney's fees. Eight days afterwards the defendant filed his memorandum of costs in which he claimed $124. The plaintiff opposed the claim, and after the proper proceedings were had the judge, on May 28, 1941, finally fixed the costs at $26.48.

The plaintiff appealed from the judgment of February 28 and from the order of May 28, 1941, both appeals having been prosecuted separately. The appeals, however, were heard together on the 18th of the instant November and will be considered in a single opinion herein on which the determination thereof will be based.

■ In his statement of the case and opinion, the district judge partially said:

". . . The evidence for the plaintiff is not sufficiently strong and clear to lead us to the conviction that the plaintiff is in possession of the parcel of land the object of this suit. Nor is the evidence for the defendant sufficiently strong, clear, or convincing to lead us to the conclusion that the defendant is in actual possession of the parcel in question. Both litigants allege to be and to have been, within the year preceding the filing of the complaint, in actual possession of said parcel, but such allegation is not supported by the evidence introduced by them. There is no doubt that the plaintiff and the defendant have been struggling for the possession of the land in question; but the essential fact, the nerve of the controversy, that is, the actual possession of the parcel, is not clearly sustained by the evidence. The characteristics of this case are rather those of an action to establish boundaries or of revendication. We do not think it wise in an extraordinary proceeding like the one now before us, to pass upon a question about which we entertain serious doubts, since the evidence for both sides, as far as the actual possession is concerned, is extremely weak. We have accorded very little credit to such evidence."

We have considered the transcript and we concur in the views of the trial court as to the insufficiency of the evidence introduced by the plaintiff. And as the burden of proof is upon the plaintiff, this conclusion alone would be sufficient for denying the appeal and affirming the judgment.

But there is more. The defendant did not confine himself to a denial of the claim that the parcel in question was in the possession of the plaintiff. He also alleged that he had been in possession thereof for over five years, and a consideration of the evidence produced by him leads us to the conclusion that said evidence is stronger than that introduced by the plaintiff in support of his contention.

It is unnecessary, therefore, to go into a consideration of the various incidental questions raised in the briefs as well as at the trial, showing the ill feeling between the parties which characterizes this kind of litigation. Even if

the plaintiff were right in all of them, it would always result that he failed to prove his case and his complaint would, therefore, have to be dismissed. *Actori incumbent probatio.*

Let us now consider the appeal from the order regarding costs. The only error assigned by the appellant is formulated thus:

"The District Court of Ponce committed a grave error of law in approving the *tenth* and *eleventh* items of the memorandum of costs of the defendant, inasmuch as by such approval it allowed fees and mileage for nine of defendant's witnesses when only three of them testified, without there being any showing of the defendant's good faith in summoning *nine witnesses*, nor of the deed of such summoning, and· without placing the court in a position to weigh the defendant's reasons, if any, for dispensing with the testimony of six of the nine witnesses which he claimed to have subpoenaed, nor showing the materiality of the testimony of the six unexamined witnesses or the purpose of such testimony.

He then states the facts as the same appear from the record, from the testimony of defendant, as follows:

"Did all those witnesses testify on the day of the trial, that is, December 9th?

"Not all of them; but it was because it had become late and the attorney thought that the testimony was cumulative evidence.

"Who testified?

"Pedro Maldonado; also Caraballo and Francisco Vázquez.

"It is a fact that only three witnesses and yourself testified?

"Yes, sir, as the testimony of the other witnesses was cumulative.

"(P. 8, Transcript of record. Proceedings on costs.)"

He insists that when the last of his wintesses closed his testimony, the defendant said, "We rest," without expressly waiving the testimony of the remaining witnesses, or placing them at the disposal of the plaintiff, or reserving such testimony, or using the same in rebuttal.

He then cites the law and the decisions in a great many cases regarding the matter in question.

The district court, after holding that the plaintiff was not bound to pay fees and mileage for witnesses on the four oc-

·casions when no trial was had, owing to the peculiar circumstances of each case, said:

". . . . The attendance at court referred to in subdivision 3 of Sec. 327 of the Code of Civil Procedure, *supra,* is that which begins to be computed from the time the witnesses are sworn in and put under the rule. As long as a witness is under the rule, he is entitled to receive the statutory fees. We do not agree with plaintiff's theory that only three of defendant's witnesses are entitled to costs, as they were the only ones to testify. We think that every witness, duly sworn and placed under the rule, whether or not he takes the stand, is entitled to costs. In *Iglesia Católica* v. *Puig,* 55 P.R.R. 32, it is said: 'In regard to the attack made to the witnesses' fees, *it clearly appears from the record that they appeared before this court,* and as it is within the judicial knowledge of this court that the amount of $2.07 is the amount paid to each witness who come from Caguas to Humacao, *and that four witnesses were present at the trial,* the amount of $8.28 charged in said bill of costs is correct and should be approved.' In the instant case it clearly appears from the record that the witnesses appeared in court and that nine were the witnesses who were present at the trial, although three only took the stand. ·Such being the case, the plaintiff is bound to pay the fees and mileage for the nine witnesses of the defendant who appeared in court on December 9, 1940."

In challenging said assignment of error, the defendant relies on the jurisprudence recently established by this court in *Acha* v. *Nevares, ante,* p. 235, as follows:

"The court allowed the sum of $2 to each of the seven witnesses for the plaintiff who appeared, and it is the appellant's contention that inasmuch as only five of them testified the compensation allowed to two of them is not authorized by law; . . .

"As regards the first particular, it appears from the record that counsel waived the testimony of two of his witnesses because it was cumulative evidence. All of them were present in the morning and in the afternoon and subject to the rules of the court.,

"The applicable law—Act No. 94 of 1937 (Session Laws, p. 229, amending Section 327 of the Code of Civil Procedure,—provides that there shall be paid 'Two (2) dollars for each witness and for each day of attendance at court, plus mileage in going from and returning to his residence' (subdivision 3 of the section as amended),

so that it is the attendance which must be taken into account. There-fore, it was not error for the court to have so determined.

"Of course, if a party abusively produced a great many of un-necessary witnesses whom he meant not to call to the stand but for the sole purpose of claiming afterwards the statutory compensation, a different case might arise. Here the cautious attitude of the party is justified. He might have needed the testimony which he waived if the available testimony had failed him or had not been sufficient.''

The above doctrine is in harmony with the one upheld by the continental courts. It will suffice for us to quote the following excerpt from 20 C.J.S. Costs, p. 477, par. 242:

"The court may exercise its discretion as to the number of wit-nesses for which a prevailing party shall be allowed to tax costs. The party is bound to exercise a proper discretion as to the number of witnesses; he cannot call an unlimited number and charge the expense on his opponent, but will be allowed as costs the fees and costs of examination of only such number as the court considers reasonable. If he has called an unnecessary number, he may be required, although successful, to pay the fees of as many of them as were not needed. The court ordinarily will not interfere, how-ever, unless there is a clear disparity between the end to be accom-plished by the proof and the instruments for its accomplishment, or unless there is evidence of oppression.''

Therefore, notwithstanding the legal provision granting the right to recover witness' fees on each witness and for each day of attendance at court, the latter may exercise its discretion in fixing their number where the amount disbursed by the party is claimed as costs from the defeated party.

Here it seems that the court felt itself bound by the let-ter of the statute and failed to weigh the attendant circum-stances in order to exercise its discretion, which circum-stances have been found, upon examination, to be different from those obtaining in the case of *Acha* v. *Nevares, supra;* for there seven witnesses attended of which five took the stand and two were waived by counsel whose testimony he considered as cumulative, whereas here the number of wit-nesses is nine of which only four took the stand, without any

mention having been made by the defendant as to the testimony of the remaining five. [4] Moreover, the four who took the stand included the defendant himself who, as a rule, unless expressly authorized by statute, is not entitled to claim fees he being a party to the action. See 20 C.J.S. Costs, par. 222.

Such being the facts and the law, it seems to us that the most appropriate solution is to sustain the appeal from the order of May 28, 1941, and to reverse said order remanding the case to the district court, so that it should weigh the attendant circumstances and render the proper decision in the exercise of its discretion.

In virtue of all the foregoing, appeal No. 8349 will be denied and the judgment appealed from affirmed, and appeal No. 8412 will be sustained and the order appealed from reversed.

Mr. Justice Todd, Jr., took no part in the decision of this case.